THE HON. THOMAS O. RICE

John M. Silk, WSBA# 15035
Joshua B. Lane, WSBA#42192
Wilson Smith Cochran Dickerson
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
(206)623-4100 telephone
(206)623-9273 facsimile
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HELL YEAH CYCLES, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO SECURITY INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No. 2:13-cv-00184-TOR<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR CR 56(D) CONTINUANCE |

Defendant Ohio Security Insurance Company ("Ohio Security") responds

to Plaintiffs' Motion for Partial Summary Judgment ("Motion") as follows:

/ / /

/ / /

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

# I. RELIEF REQUESTED

The Court should continue the hearing on Plaintiffs' Motion to allow Ohio Security reasonable time to conduct discovery with regard to Plaintiffs' claims. The purpose of summary judgment is to avoid useless trials, not to deprive a party of its right under the Federal Civil Rules of Procedure to conduct discovery regarding claims against it and to gather the evidence that will show that there are genuine issues of material fact that make the entry of summary judgment inappropriate. Pursuant to Fed. R. Civ. P. 56(d), the Court should grant Ohio Security's motion for a continuance for the following reasons:

- Plaintiffs produced incomplete responses to Ohio Security's discovery requests in which Plaintiffs failed to produce evidence of alleged damages in support of their claims;

- Plaintiffs agreed to produce evidence of alleged damages but have never done so;

- By failing to produce the evidence of Plaintiffs' alleged damages before moving for summary judgment, Plaintiffs' Motion is untimely because Plaintiffs have denied Ohio Security the opportunity to depose Plaintiffs with regard to this evidence and to retain experts to rebut this evidence;

- Plaintiffs' untimely Motion has prejudiced Ohio Security's right to present facts essential to justify Ohio Security's opposition. Ohio Security is entitled to conduct reasonable discovery, pursuant to Fed. R. Civ. P. 56(d), before responding to Plaintiffs' untimely Motion.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

As such, Ohio Security respectfully requests that the Court continue Plaintiffs' Motion for at least 180 days to allow Ohio Security the opportunity to engage in necessary discovery.

Alternatively, Ohio Security requests the Court deny Plaintiff's Motion. Even without Plaintiff's evidence of damages, there are genuine issues of material fact which bar summary judgment on Plaintiff's claims.

## II. BACKGROUND

Plaintiff started a motorcycle parts and apparel business in 2011. Mot. at 2. A fire damaged the building in which Plaintiff operated its business on November 28, 2012. *Id.* At the time of the fire, Ohio Security insured Plaintiff under a Business Owners policy. *Id.* Plaintiff's Business Personal Property coverage limits under that policy was $80,000. *Id.* at 3. After conducting an investigation, Ohio Security paid Plaintiff $80,000 pursuant to the Plaintiff's Business Personal Property coverage limits under Plaintiff's policy. *Id.* Ohio Security paid Plaintiff an additional $15,626.79 for rental space and labor costs. *Id.* at 4.

When Plaintiff requested additional payments from Ohio Security for alleged financial losses and related claims, Ohio Security requested evidence of the loss. See Affidavit of Joshua B. Lane in Support of Ohio Security's

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

Opposition to Summary Judgment ("Lane Affidavit"), ¶ 3. Plaintiff failed to produce the requested evidence. *Id.*

After Plaintiff filed its lawsuit for bad faith and related claims, Ohio Security repeated its request for evidence of Plaintiff's damages. *Id.,* ¶ 4, Ex. 1 (Ohio Security's First Interrogatories and Requests for Production ("Discovery Requests")). Once again, Plaintiff failed to provide the requested evidence. *Id.,* Ex. 2 (Plaintiff's Answers to Ohio Security's Discovery Requests); Ex. 3 (October 24, 2013 letter to Plaintiff requesting discovery conference to discuss Plaintiff's incomplete, vague and/or non-responsive answers to Ohio Security's Discovery Requests). For example, Interrogatory No. 9 to Ohio Security's Discovery Requests asks Plaintiff to fully describe (1) the nature of Plaintiff's injuries and claims; (2) the dollar amount of each claim; and (3) the method of calculating damages. *Id.,* Ex. 1 (Interrogatory No. 9). In response, Plaintiff answered:

> Itemized lists of business personal property have previously been provided to Ohio Security on multiple occasions. Plaintiff also has not been compensated for rental of temporary storage space. Plaintiff was delayed in reopening for business due to non-payment or delayed payment by Ohio Security. Plaintiff has not reopened the Service Department of Hell Yeah Cycles because it does not have funds to do so. ***Those damages are ongoing and not yet calculated.*** Plaintiff has incurred unreimbursed costs in defense of the BAM Self Storage litigation. ***This Answer will be supplemented.***

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE, DEFENDANT'S MOTION FOR CR
56(D) CONTINUANCE [2:13-cv-00184-TOR] – 4
JMS1379.274/1400387_3x

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

*Id.*, Ex. 2 (Answer to Interrogatory No. 9).

First, Plaintiff concedes that Ohio Security paid the $80,000 limits of Plaintiff's Business Personal Property coverage prior to the lawsuit, subject to Plaintiff's "itemized lists of business personal property." *See* Plaintiff's Statement of Undisputed Facts in Support of Motion for Summary Judgment ("SOF"), No. 4. Second, Plaintiff concedes that Ohio Security paid $14,000 for rental of temporary storage space, despite its answer to Interrogatory No. 9. SOF, No. 17. Third, Plaintiff provides no evidence in support of its conclusory statements regarding damages. Fourth, Plaintiff notes that damages have not been calculated, despite Ohio Security's request that Plaintiff calculate the damages. Fifth, and most significantly, Plaintiff promised to supplement this answer. Plaintiff never supplemented this answer. Lane Aff., ¶ 4.

Similarly, Interrogatory No. 19 asked Plaintiff, among other things, to identify Plaintiff's damages with regard to Plaintiff's allegations of violations of the Consumer Protection Act. *Id.,* ¶ 5, Ex. 1 (Interrogatory No. 19). In its Answer, Plaintiff only states "See claims previously submitted. This answer will be supplemented." *Id.*, Ex. 2 (Answer to Interrogatory No. 19). However, Plaintiff's previously submitted claims do not identify Plaintiff's damages with

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

regard to Plaintiff's allegations of violations of the Consumer Protection Act. *Id*. And again, Plaintiff promised to supplement this answer but never did. *Id*.

Similarly, Requests for Production 27, 29, and 30 all seek production of Defendants' evidence of damages. *Id.,* ¶ 6, Ex. 1. Plaintiff responded that these records would be made available for inspection upon ten days' notice. *Id.,* Ex. 2.

During a discovery conference on October 25, 2013, Ohio Security's counsel discussed the necessary production of Plaintiff's evidence of damages, and provided notice that Ohio Security wished to inspect and copy Plaintiff's evidence as soon as possible. *Id.,* ¶ 7. Plaintiff's counsel claimed that Plaintiff possessed the requested evidence of damages, that Plaintiff's counsel did know in what form the evidence existed, but that Plaintiff would either produce the evidence or make it available for inspection. *Id.*, Ex. 4 (October 25, 2013 email from Plaintiff).

Having heard nothing further from Plaintiff, Ohio Security followed up with Plaintiff on November 7, 2014, with regard to the status of the production of the missing evidence. *Id.,* ¶ 8, Ex. 4 (November 7, 2013 email to Plaintiff). Plaintiff's counsel responded: "I'm working on it. I think we are waiting for one more item." *Id.*, Ex. 4 (November 7, 2013 email from Plaintiff). Despite Plaintiff's representations, Plaintiff never produced the requested evidence and

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

never made the evidence available for inspection. *Id.* Instead, while Ohio Security waited for the promised evidence production and/or notice that the record, Plaintiff filed this Motion. *Id.* As a result, Ohio Security has been unable to complete its discovery, retain experts to review Plaintiff's evidence of damages, and to make its own dispositive motions. *Id.*

Related to the dearth of evidence damages, this case represents a wealth of genuine issues of material fact. There are genuine issue of material fact as to the scope and existence of Plaintiff's damages pertaining to each of Plaintiff's claims. This fact is highlighted by the facts included within Plaintiff's Motion. See Mot. at 2-7. In this "Background" section, Plaintiff noted which facts are allegedly undisputed, and left the disputed facts without support. For example, Plaintiff notes: "HYC incurred substantial losses in the fire. At the time of the fire, HYC was insured under a Businessowners insurance policy issued by Ohio Security Insurance Company ("OSI"). (SOF 3)." There, Plaintiff concedes that the extent of Plaintiff's losses in the fire remains disputed. Plaintiff's motion further concedes a genuine issue of material fact regarding the limits of Plaintiff's Business Personal Property (Plaintiff claims the limits are $120,000 while the policy states $80,000). *Id.* at 2 n.1. This scope of Plaintiff's coverage goes to the heart of each of Plaintiff's claims which rely on Plaintiff's theory

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE, DEFENDANT'S MOTION FOR CR
56(D) CONTINUANCE [2:13-cv-00184-TOR] – 7
JMS1379.274/1400387_3x

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

that Ohio Security failed to exhaust its policy limits in paying $80,000 under Plaintiff's Business Personal Property coverage. *See, generally*, Plaintiff's Amended Complaint. Similarly, Plaintiff concedes a genuine issue of material fact regarding whether Ohio Security's adjuster, David Bjorklund, "misrepresented the policy benefits and coverages." *Id*. at 4. Mr. Bjorklund denies misrepresenting the policy benefits and coverages. Lane Aff., Ex. 5 (excerpt from deposition transcript of Mr. Bjorklund). Whether or not Ohio Security's adjuster misrepresented the policy benefits or the scope of the coverage is a central issue to Plaintiff's claims of bad faith and violations of the CPA and IFCA.

Similarly, fire investigators and other witnesses identified that there were up to five businesses occupying the business space used by Plaintiff on the date of loss, but Plaintiff failed to identify these other businesses. *Id.,* ¶ 9, Ex. 3 (referencing Interrogatory 5 to Ohio Security's Discovery Requests). Where the evidence produced demonstrates that the owner of Plaintiff (Hell Yeah Cycles) also may have owned some or all of these other businesses, there remains a genuine issues of material fact as to the extent of overlap in the loss of one entity over another, and to what extent Plaintiff's owner attempts to include the damages of these other entities within the alleged damages for Plaintiff.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

Plaintiff has refused to identify the scope of the claims made by these other entities. *Id.,* Ex. 3 (referencing Interrogatories 6 and 14 to Ohio Security's Discovery Requests).

Finally, Plaintiff has never produced a signed verification page for its Answers to Ohio Security's Discovery Requests. *Id.,* ¶ 10. Plaintiff's failure to produce discovery responses signed by Plaintiff's owner puts all of Plaintiff's responses, such as they are, in doubt. *See* Fed. R. Civ. P. 26(g)(2).

## III. ISSUES

1.     Should the Court continue the hearing of Plaintiffs' Motion for at least 180 days pursuant to CR 56(d) so that Ohio Security may obtain the responses to its discovery promised by Plaintiffs that raise genuine issues of material fact pertinent to Plaintiff's Motion?

Answer: YES.

2.     Alternatively, should the Court deny Plaintiff's Motion in light of the many genuine issues of material fact remaining in this matter?

Answer: YES.

## IV. EVIDENCE RELIED UPON

This motion relies on the Court's files and records herein as well as the Affidavit of Joshua B. Lane and Exhibits thereto.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

# IV. LEGAL AUTHORITY

## A.    The Court Should Continue Consideration of Plaintiff's Motion Pursuant to Rule 56(d).

Ohio Security respectfully requests additional time for discovery so that it may reasonably respond to Plaintiffs' allegations.  Under Fed. R. Civ. P. 56(d), the Court may order a continuance or may make such other order as is just when a nonmovant cannot present facts essential to justify its opposition.  The court has a duty to accord the parties a reasonable opportunity to make the record complete before ruling on a motion for summary judgment, and a failure to accord the nonmoving party a reasonable opportunity to show the existence of an issue of material fact constitutes an abuse of discretion.  *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (citing to Rule 56(f)).

Plaintiffs seek to deny Ohio Security *any* opportunity to show the existence of an issue of material fact with regard to Plaintiff's damages.  In doing so, they seek to have the court commit a *per se* abuse of discretion.  *Id.* Without conducting any discovery, Ohio Security cannot meaningfully respond to Plaintiffs' pending Motion.  Plaintiffs seek an order confirming as a matter of law that which only a jury may decide:  whether Plaintiff suffered damages in excess of Plaintiff's insurance policy limits and whether Ohio Security's handling of Plaintiff's claims, with respect to those damages, constituted a breach of contract, bad faith, and/or a violation of the CPA and IFCA.  By assuring Ohio Security that Plaintiff would supplement its discovery responses,

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

produce evidence of Plaintiff's damages, and make evidence available for inspection, and then moving for summary judgment before doing so, Plaintiff has denied Ohio Security a reasonable opportunity to show the existence of several genuine issues of material fact.

Ohio Security's settlement offers were not unreasonable when made. Plaintiffs not only assume that which they must prove, but they wish to deprive Ohio Security of any chance to investigate their claim. Plaintiffs, once again, are placing the cart before the horse.

Plaintiffs will not be prejudiced if their Motion is continued by at least 180 days. Plaintiffs agreed to produce the requested evidence and agreed to inform Ohio Security when the evidence would otherwise be available for inspection. By permitting Ohio Security the opportunity to review Plaintiff's evidence, Plaintiff will be satisfying its commitments already made to Ohio Security without having to do more. Ohio Security has not had an opportunity to conduct discovery due to the timing of Plaintiffs' Motion and its previous commitments to Ohio Security; the Court should grant Ohio Security's request to review Plaintiff's withheld evidence which directly pertains to Plaintiff's summary judgment claims.

## B. Alternatively, the Court Should Deny Plaintiff's Motion

Even if the Court does not grant Ohio Security's request for additional time to obtain the promised evidence of damages from Plaintiff, the Court should deny Plaintiff's Motion. To prevail on summary judgment "on CPA or non-CPA bad-faith claims, [Plaintiff] must show there is no question of fact as

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

to (1) whether it violated any subsection of WAC 284-30-330; or (2) whether such violation caused a recognized injury." *Am. Mfrs. Mut. Ins. v. Osborn*, 104 Wn. App. 686, 698, 17 P.3d 1229 (2001).

Moreover, the CPA has been construed to require *causation* between the alleged wrongful act and damages (to business or property) suffered by the Plaintiff. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553 (1992) (CPA violation requires "the existence of a causal link between the deceptive act and the injury suffered"); *Lidstrand v. Silvercrest Indus.*, 28 Wn. App. 359, 368 (1981) (recovery under the CPA requires "a causal relation between the practice engaged in by the defendant and the damages suffered by the plaintiff"). *See also Blaney v. International Association of Machinists and Aerospace Workers District No. 160*, 151 Wn.2d 203, 216 (2004) (Actual damages are damages "that are proximately caused by the wrongful action, resulting directly from the violation of RCW 49.60").

Moreover, even if Plaintiff could find a technical violation of WAC 284-30-330(9) (or any other subsection of this regulation), such a violation, standing alone, would not be adequate to establish liability for bad faith by an insurer or a violation of the CPA. *Capelouto v. Valley Froge Ins. Co.,* 98 Wn. App. 7, 990 P.2d 414 (1999); *Ins. Co of Pennsylvania v. Highland Ins. Co, supra.*

Rather, to establish the existence of bad faith, Plaintiff must present evidence that Defendant's conduct was unreasonable, frivolous, or unfounded. *Smith v. SAFECO Insurance Company*, 150 Wn.2d 478, 78 P.3d 1274 (2003); *American States Ins. Co. v. Symes of Silverdale, Inc*., 150 Wn.2d 462, 78 P.3d

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1266 (2003); *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 38 P.3d 322 (2001). The burden of establishing that Ohio Casualty's conduct was unreasonable, frivolous or unfounded is on the Plaintiff. *Smith,* 150 Wn.2d at 486 (emphasis added)(internal citations omitted).

As long as the insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interests, an insured is not entitled to base a bad faith or consumer protection claim against its insurer on the basis of a good faith mistake. *Coventry Assoc. v. American States Ins. Co.*, 136 Wn.2d 269, 280, 961 P.2d 933 (1998).

In this case, there are questions of fact as to whether Ohio Security's violated subsection of WAC 284-30-330, as to whether these violations were unreasonable, and as to whether Ohio Security's actions proximately caused a recognized injury to Plaintiff's business or property.

There are multiple disputed issues of material fact, based in part on the facts noted above, i.e., Plaintiff's failure to substantiate its damages. As a central part of settling Plaintiff's claims, Ohio Security investigated Plaintiff's loss and requested evidence to support the Plaintiff's alleged damages, which Plaintiff has still failed to produce or to make available for inspection.

Plaintiff's Motion alleges that there is no issue of material fact as to whether Ohio Security breached WAC 284-30-330(9) by issuing payments to Plaintiff unaccompanied by statements setting forth the coverage under which payment was made. This argument ignores the fact that Ohio Security paid $80,000 under Plaintiff's Business Personal Property coverage (the policy limit).

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE, DEFENDANT'S MOTION FOR CR
56(D) CONTINUANCE [2:13-cv-00184-TOR] – 13
JMS1379.274/1400387_3x

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

Plaintiff concedes that it disputes whether $80,000 is the limit under Plaintiff's Business Personal Property coverage, and Plaintiff's argument presumes that the policy limit was $120,000 and that Ohio Security should have paid $120,000, not $80,000. However, where Ohio Security paid the entire $80,000 available under Plaintiff's Business Personal Property coverage, there is genuine issue of material fact as to whether Ohio Security acted unreasonably or breached WAC 284-30-330(9). Similarly, Plaintiff alleges that adjuster David Bjorklund misrepresented the insurance policy provisions, in violation of WAC 284-30-350. This argument relies expressly on the extent of Plaintiff's damages to Plaintiff's tools, employee wages, personal effects, and computer equipment. Mot. at 9 and 10. As previously noted, Ohio Security disputes the scope and extent of these alleged damages, and Plaintiff has failed to produce and or make available for inspection the evidence of these claimed damages. Furthermore, Mr. Bjorklund denies any intentional misrepresentations and/or unfair and deceptive acts. Lane Aff., Ex. 5. These are genuine issues of material fact as to this claim.

Plaintiff alleges Ohio Security breached WAC 284-30-330 (subsections 6, 12, 13, and 16) by not attempting in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claims. This claim goes back to Ohio Security's first efforts at obtaining evidence of Plaintiff's damages and Plaintiff's failure to make such evidence available, a failure that continues to this day. Whether Ohio Security failed to act in good faith where Plaintiff failed

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR CR 56(D) CONTINUANCE [2:13-cv-00184-TOR] – 14
JMS1379.274/1400387_3x

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

and or refused to provide the requested evidence constitutes a genuine issue of material fact as to this claim.

Similarly, Plaintiff alleges Ohio Security violated the CPA by, among other things, failing to promptly and fairly settle Plaintiff's claims. But again, Ohio Security has been ham-strung by Plaintiff's failure to provide the requested evidence of Plaintiff's damages. Any delay on behalf of Ohio Security to settle Plaintiff's claims is the result of Plaintiff's refusal to provide evidence of Plaintiff's damages. Whether Ohio Security breached the CPA despite paying more than $95,000 to Plaintiff and while still waiting for Plaintiff to produce evidence of Plaintiff's damages constitutes a genuine issue of material fact as to this claim.

Similarly, Plaintiff claims there is no issue of material fact as to its claim that Ohio Security acted in bad faith. But Plaintiff concedes that an insurer does not act in bad faith where it acts honestly, bases its decision on adequate information, and does not overemphasize its own interest. Mot. at 13 (citing *Werlinger v. Clarendon Nat'l Ins. Co.*, 129 Wn. App. 804, 808, 120 P.3d 593 (2005), rev. denied, 157 Wn.2d 1004 (2006)). Here, there is an issue of material fact as to whether Ohio Security acted honestly and did not overemphasize its own interest based on the information Plaintiff made available to it. In other words, Ohio Security claims that without the evidence of damages that Plaintiff withheld from it, it acted honestly and did not overemphasize its own interests by paying Plaintiff more than $95,000. There is therefore an issue of material fact as to whether Ohio Security acted in bad faith.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

Finally, Plaintiff claims Ohio Security denied Plaintiff benefits that Ohio Security "owed" to Plaintiff, and therefore violated IFCA. But there is a genuine issue of material fact as to whether Ohio Security "owed" Plaintiff benefits beyond those which Ohio Security already paid, where Plaintiff has withheld and failed to produce evidence of its damages.

For these reasons, Ohio Security respectfully requests the Court deny Plaintiff's Motion.

## VI. CONCLUSION

Ohio Security requests that the Court grant it an opportunity to obtain the evidence of damages that Plaintiffs have promised to produce. By moving for summary judgment before producing its evidence of damages, Plaintiff has prejudiced Ohio Security be denying Ohio Security the opportunity to determine the extent of Plaintiff's claims or evaluate whether Plaintiff is entitled to additional amounts under the insurance policy. Ohio Security respectfully requests additional time to obtain the promised evidence from Plaintiff.

Alternatively, Ohio Security requests the Court deny Plaintiff's Motion. Even without Plaintiff's evidence of damages, there are genuine issues of material fact which bar summary judgment on Plaintiff's claims.

/ / /

/ / /

/ / /

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

## VII. PROPOSED ORDER

A proposed form of Order is filed herewith.

DATED this 3rd day of February, 2014.

<div style="margin-left:auto">

*s/ Joshua B. Lane*
John M. Silk, WSBA No. 15035
Joshua B. Lane, WSBA No. 42192
WILSON SMITH COCHRAN DICKERSON
Of Attorneys for Ohio Security Insurance Company
901 Fifth Avenue, Suite 1700
Seattle, WA  98164
Ph: (206) 623-4100 / Fax: (206) 623-9273
silk@wscd.com
lane@wscd.com

</div>

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE, DEFENDANT'S MOTION FOR CR
56(D) CONTINUANCE [2:13-cv-00184-TOR] – 17
JMS1379.274/1400387_3x

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 3rd day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys for record, including the following:

Brian S. Sheldon                    bsheldon@spokelaw.com


                              *s/ Joshua B. Lane*
                              Joshua B. Lane

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164-2050
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273