UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HELL YEAH CYCLES,<br><br>                     Plaintiff,<br><br>    v.<br><br>OHIO SECURITY INSURANCE<br>COMPANY,<br><br>                  Defendant. | NO:  13-CV-0184-TOR<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S<br>PARTIAL MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No.14).  This matter was heard with telephonic oral argument on March 13, 2014.  Brian Sheldon appeared on behalf of the Plaintiff.  John Silk appeared on behalf of Defendant.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

This case concerns an insurance policy covering business property damaged in a fire.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 1

1

FACTS

2      Plaintiff Hell Yeah Cycles ("HYC") is a Washington limited liability

3   company owned by Frank Smith ("Smith"). Defendant Ohio Security Insurance

4   Company ("OSI") is a foreign insurer licensed to do business in Washington. On

5   November 28, 2012, an electrical fire caused extensive damage to the building

6   HYC was occupying and to HYC's property in the building. At the time of the fire,

7   HYC was insured under a business owner's policy issued by OSI.

8      Plaintiff reported the fire loss to OSI the day after the fire, and OSI assigned

9   adjuster David Bjorklund ("Bjorklund") to the claim. Bjorklund went to the fire-

10  damaged property at least twice to document and photograph damage. Within two

11  months after the fire, OSI issued checks to HYC for $5,000, $25,000 and $50,000.

12  Subsequently, OSI issued payment of $14,000 for temporary rental space and

13  $1,626.79 for labor costs to mitigate further losses to HYC property.

14      The parties dispute much of what happened otherwise. In particular, the

15  parties disagree about the maximum limits of the insurance policy. Defendant

16  maintains that the maximum limit of Plaintiff's Business Personal Property

17  coverage was $80,000. ECF No. 20 at 6. Plaintiff contends that its Business

18  Personal Property coverage was subject to "additional coverages" that extended the

19  limits above $80,000. ECF No. 15 at 1, 2. But Defendant claims that Plaintiff has

20

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 2

failed to produce evidence of damages necessitating the application of "additional coverages" to the policy beyond those paid by OSI to date. ECF No. 20 at 7.

The parties' specific disputes over coverage limits include the following:

- Smith claims he was storing kitchen cabinets in the basement of the building for use in his home. ECF No. 15 at 4. Plaintiff contends that Bjorklund advised Smith that the cabinets were subject to a $2,500 limit applicable to personal effects of the insured, but that the actual limit for personal effects under the policy was $15,000. *Id*. Plaintiff also claims that Bjorklund took photos of the cabinets the day after the fire. *Id*. at 4-5. But Defendant maintains that Plaintiff failed to provide evidence of the value of the cabinets. ECF No. 20 at 7.

- Plaintiff contends that the policy contains an endorsement that added $25,000 of additional coverage for employee tools, and claims to have submitted an inventory of damaged tools in the amount of $67,213. ECF No. 15 at 7.  Plaintiff claims that Bjorklund advised Smith that he no longer needed to keep tools damaged in the fire in order to document the claim. ECF No. 15 at 3. Defendant contends that Bjorklund told Smith that the tools would likely clean up with labor. ECF No. 20 at 7.

- Plaintiff contends that Bjorklund told Smith in error that coverage for employee wages is limited to 60 days from the date of loss, and that as a

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 3

result, he terminated one of his employees on the belief that OSI would no longer cover her lost wages. ECF No. 15 at 4. Plaintiff contends that Smith provided W-2 forms for his two employees at the time of the fire, but OSI has made no payment to HYC for employee wages. ECF No. 15 at 4, 7. Defendant maintains that Plaintiff has failed to submit evidence of damages related to employee wages beyond the W-2s. ECF No. 20 at 7.

- Plaintiff rented storage units to store HYC's damaged inventory and equipment. ECF No. 15 at 5. Plaintiff contends that Bjorklund approved their rental, but that although Smith submitted receipts for the units, OSI has not issued payments. *Id*.

- Plaintiff contends that Smith rented a truck to move the damaged property out of the building to be stored and inventoried. ECF No. 15 at 5. Because two of Smith's business were operating out of the building—HYC and the Handlebar, a restaurant/bar—Smith proposed that OSI pay half the truck rental fee. *Id*. Plaintiff contends that OSI agreed to pay for one week of rental but has not done so. *Id*.

- Plaintiff contends that the OSI policy contained an additional coverage for outdoor signs. ECF No. 15 at 5. Plaintiff claims that Bjorklund inspected and photographed the damage to the existing signs, and Smith submitted an

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 4

estimate for their replacement, but OSI has not paid Plaintiff for any of the signs. *Id*.

- Plaintiff claims that the OSI policy contained additional coverage for computer equipment. ECF No. 15 at 5. Plaintiff contends that Bjorklund documented damage to Plaintiff's computer equipment but that OSI has issued no payment for the computers. *Id*.

- Plaintiff claims that the OSI policy contained additional coverage for lost business income. ECF No. 15 at 6. Plaintiff contends that OSI advised Plaintiff that it would have to produce documents that did not exist. *Id*. Furthermore, Plaintiff states that documentation was difficult to procure because its records were destroyed in the fire and because it had only been in business for six weeks at the time of the fire. *Id*.

- Plaintiff contends that the OSI policy covered additional expenses incurred as a result of the loss. ECF No. 15 at 6. Plaintiff claims it submitted invoices for costs of improvements to the new building, but OSI has not made any payments for these additional expenses. *Id*.

- Plaintiff contends that the policy contained additional coverage for tenant improvements and glass, but that the claim for glass has not been paid. ECF No. 15 at 7.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 5

Plaintiff claims Smith asked Bjorklund "multiple" times to explain the available coverage under the policy. ECF No. 15 at 3. Plaintiff contends that OSI never requested additional information to substantiate the claims nor responded to HYC's attempts to resolve the remaining claims.

Plaintiff now moves for partial summary judgment on the following issues:

1. Whether OSI violated WAC 284-30-330(9) by issuing payments to HYC that were not accompanied by a statement setting forth the coverage under which the payment was made.

2. Whether OSI violated WAC 284-30-330(1) and WAC 284-30-350 by misrepresenting or concealing pertinent benefits, coverages, or policy provisions.

3. Whether OSI violated WAC284-30-330 by failing to attempt to settle HYC's claim in good faith.

4. Whether OSI violated the Consumer Protection Act by violating the unfair claims practices regulations.

5. Whether OSI's denial of benefits violated the Insurance Fair Conduct Act.

6. Whether OSI's handling of HYC's insurance claim constitutes bad faith.

///

///

///

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 6

1
DISCUSSION

2
**1. Whether the Court Should Continue Consideration of Plaintiff's Motion Pursuant to Rule 56(d)**

3
As a preliminary matter, the Court must consider Defendant's Motion for a

4
Rule 56(d) Continuance. ECF No. 18 at 1. Defendant requests additional time for

5
discovery to respond to Plaintiff's allegations pursuant to Fed. R. Civ. P. 56(d). *Id.*

6
at 10.  Defendant contends that Plaintiff assured OSI that it would supplement its

7
discovery responses, produce evidence of damages, and make evidence available

8
for inspection. *Id.* at 11. By moving for summary judgment before doing so,

9
Defendant contends, Plaintiff has denied OSI a reasonable opportunity to show the

10
existence of several genuine issues of material fact. *Id.*

11
Rule 56(d) provides:

12
13
If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;

14
    (2) allow time to obtain affidavits or declarations or to take discovery; or

15
    (3) issue any other appropriate order.

16
Fed. R. Civ. P. 56(d).

17
Under Rule 56, "a trial court may order a continuance on a motion for

18
summary judgment if the party requesting a continuance submits affidavits

19
showing that, without Rule 56 assistance, it cannot present facts necessary to

20
justify its claims." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage*

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 7

*Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing Fed. R. Civ. P. 56(f); according to the notes on the 2010 amendments, "subdivision (d) carries forward without substantial change the provisions of former subdivision (f)"). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.*

Plaintiff opposes this motion, arguing that Defendant has failed to meet its burden because (1) OSI has not identified specific facts it hopes to elicit from further discovery, (2) it has failed to show that the information it hopes to discover exists, (3) it has failed to identify specific records it hopes to obtain, and (4) it has failed to state how any of the information it wishes to obtain is essential to oppose summary judgment. ECF No. 21 at 4.

Despite Plaintiff's contention, Defendant in fact submitted an affidavit in support of its motion for a continuance. The Affidavit of Joshua Lane states that OSI requested evidence of loss and Plaintiff failed to produce such evidence. ECF No. 19 at 2. Specifically, Lane's affidavit indicates that "Plaintiff failed to produce evidence of damages necessitating the application of 'additional coverages' to the policy beyond those paid by Ohio Security to date." ECF No. 19 at 6-7. Lane states that Plaintiff failed to produce evidence of damages related to employee wages beyond the W-2 forms, evidence of value of the cabinets, and other evidence of

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 8

value of the employee tools. ECF No. 19 at 6-7. Lane's affidavit also states that

Plaintiff has failed to identify the other businesses that were using the space

occupied by HYC at the time of the loss, and which may have had property

damaged in the loss. *Id.* at 6. The affidavit also contends that Plaintiff failed to

provide evidence that any of Bjorklund's errors caused measurable damage to

Plaintiff. *Id.* at 8. The affidavit explains that OSI requested this information at

discovery (in interrogatories and requests for production), and that Plaintiff failed

to provide the evidence but "promised to supplement its productions and notify

Ohio Security when Ohio Security could inspect the requested records…." ECF

No. 19 at 7. Defendant states that the extent of Plaintiff's losses in the fire remain

disputed, thus the Court can infer that evidence of those losses would be necessary

for OSI to defend against Plaintiff's summary judgment claim.

However, the motion before the Court is a partial motion for summary

judgment, partly on the question of whether Defendant's actions constituted a *per
se* violation of the relevant consumer protection statutes.  In the context of the

present motions, the Court finds that Defendant has defended against Plaintiff's

motion for summary judgment, and that the additional evidence sought would have

no effect on the Court's findings in this order.

**2. Plaintiff's Motion for Summary Judgment**

Plaintiff moves for partial summary judgment on the issues of whether OSI

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 9

committed certain unfair and deceptive acts constituting a violation of the

Washington Consumer Protection Act ("WCPA") and the Insurance Fair Conduct

Act ("IFCA"), and whether OSI's claim handling constituted bad faith.

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372,

378 (2007).  Only evidence which would be admissible at trial may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

### A. Violations of the Washington Consumer Protection Act ("CPA")

Plaintiff claims that OSI committed unfair and deceptive acts by issuing payments to HYC that were not accompanied by a statement setting forth the coverage under which payment was made; by misrepresenting the policy provisions; and by not attempting in good faith to effectuate prompt, fair and equitable settlement of HYC's claim. As such, Plaintiff maintains, OSI's unfair and deceptive acts constitute a *per se* violation of the CPA.

A claim for damages under the CPA, RCW Chapter 19.86.010, *et seq.,* requires a plaintiff to demonstrate: (1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) which impacts the public interest; (4) an injury to business or property; and (5) a causal link between the injury and the deceptive act or practice. *Columbia Physical Therapy, Inc., P.S. v. Benton Franklin Orthopedic Assoc., P.L.L.C.,* 168 Wash.2d 421, 442 (2010).  "A violation of WAC 284–30–330 constitutes a violation of RCW 48.30.010(1), which in turn constitutes a *per se* unfair trade practice by virtue of the legislative declaration in RCW 19.86.170." *Industrial Indemnity Co. of the Northwest v. Kallevig*, 114 Wash.2d 907, 923 (1990). "This *per se* unfair trade practice may result in CPA liability if the remaining elements of the 5–part test for a CPA action

under RCW 19.86.090 are established." *Id*. The second prong is satisfied where an action involves insurance contracts. *See Bryant v. Country Life Ins. Co,* 414 F.Supp.2d 981, 1003 (W. D. Wash. 2006). CPA claims alleging unfair insurance claims practices always meet the third element because RCW 48.01.030 declares that the "business of insurance is one affected by the public interest." *Id.* (citing *Anderson v. State Farm Mut. Ins. Co*., 101 Wash. App. 323, 329 (2000)). Finally, a claimant must present some evidence showing injury to its business or property caused by the violation. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.,* 64 Wash.App. 553, 563 (1992) ("There must be some evidence, however slight, to show injury to the claimants' business or property.").

However, "an insurer's reasonable denial of coverage does not constitute an unfair practice." *Estate of Hall v. HAPO Fed. Credit Union*, 73 Wash. App. 359, 366 (1994) (citing *Villella v. Public Employees Mut. Ins. Co.,* 106 Wash.2d 806, 821 (1986)). RCW 19.86.920 imports the reasonableness standard into the CPA as a whole:

> It is, however, the intent of the legislature that *this act shall not be construed to prohibit acts or practices which are reasonable* in relation to the development and preservation of business or which are not injurious to the public interest, nor be construed to authorize those acts or practices which unreasonably restrain trade or are unreasonable per se.

(emphasis added) (quoted in *Am. Manufacturers Mut. Ins. Co. v. Osborn*, 104 Wash. App. 686, 699, 17 P.3d 1229, 1235 (2001)).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 12

Here, Plaintiff's summary judgment briefing cites alleged violations of the following regulations: WAC 284-30-350 (misrepresentation);  (b) WAC 284–30–330 (1) (failure to disclose pertinent coverage provisions); WAC 284–30–330 (5) (failure to affirm or deny coverage within a reasonable time); WAC 284–30–330 (6) (not attempting in good faith to effectuate prompt settlement); WAC 284–30–330 (9) (making a claim payment that does not include a statement of coverage); WAC 284–30–330 (12) (failure to promptly settle claims); WAC 284–30–330 (13) (failure to provide reasonable explanation for denial); WAC 284–30–330 (16) (failure to adopt reasonable standards for the payment of claims). The Court considers each in turn.

a. <u>Misrepresentation</u>

Plaintiff contends that OSI committed unfair and deceptive acts by misrepresenting the insurance policy provisions.

WAC 284-30-330(1) provides that it is an unfair and deceptive practice to misrepresent pertinent facts or insurance policy provisions. WAC 284-30-350 provides with respect to misrepresentation of policy provisions that

(1) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

(2) No insurance producer or title insurance agent shall conceal from first party claimants benefits, coverages or other provisions of any insurance

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 13

policy or insurance contract when such benefits, coverages or other
provisions are pertinent to a claim.

WAC 284-30-350.

Here, as Plaintiff contends, there is no genuine issue of material fact that

OSI misrepresented or concealed coverage applicable to HYC's claim in several

ways:

i.   Bjorklund told Smith that employee tools were subject to the $80,000
limit. *See* Pl. Ex. B at 13. Later, in his deposition, Bjorklund admitted
that this was not the case. Bjorklund Depo. at 45:3-45:15, ECF No.
16-1 at 18.

ii.  Bjorklund advised HYC that coverage for employee wages was
limited to 60 days when in fact there was no such limitation in the
policy. Bjorklund Depo. at 33:2-33:11, ECF No. 16-1 at 7.

iii. Bjorklund advised Smith that coverage for his personal effects was
limited to $2,500 when in fact the limit was higher. *See* Bjorklund
Depo. at 42:17-43:11, ECF No. 16-1 at 15.

iv.  Bjorklund likewise admitted that he had indicated to Smith that the
$2,000 for rent at HYC's new location was included in the $80,000
limits, but that this too was a mistake. Bjorklund Depo. at 52:3-52:14,
ECF No16-1 at 23.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 14

Plaintiff also contends that Bjorklund advised Smith that computers were covered under coverage extensions subject to the $80,000 limit, though they were in fact covered under the additional coverage provisions. ECF No. 14 at 10. The Court can find no support for this assertion, however; Plaintiff's statement of facts does not indicate that there was a misrepresentation involved. *See* ECF No. 15 at 5 ("The OSI policy contained additional coverage for computer equipment. Mr. Bjorklund inspected and photographed damage to the computer equipment on November 29, 2012. OSI has issued no payment for the computers." (internal citations omitted)).

For the above-stated reasons, the Court finds that a per se unfair trade practice has been established by the actions listed above; however, Plaintiff has not established liability as a whole under the CPA, because there remain questions of fact as to what damages, if any, arise from these clear misrepresentations. Thus, the final prong of the five-part test for liability under the CPA has not yet been met.

b. Payments unaccompanied by a statement setting forth the coverage under which payment was made

Plaintiff contends that OSI committed unfair and deceptive acts by issuing payments to HYC that were not accompanied by a statement setting forth the coverage under which payment was made.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 15

Under the Washington Administrative Code, "making a claim payment to a first party claimant or beneficiary not accompanied by a statement setting forth the coverage under which the payment is made" is defined as one of the "unfair or deceptive acts or practices of the insurer" WAC 284-30-330(9).

Here, none of the checks OSI sent to Plaintiff included a statement identifying what coverage the payment was issued under. See Pl.'s Statement of Facts, ECF No. 15 at 2; and Bjorklund Depo. at 52:1-54:1, ECF No. 16-1 at 23-25. Defendant does not appear to dispute that it did not set forth the coverage under which payment was made.

Accordingly, the Court finds that a per se unfair trade practice has been established by this omission; however, Plaintiff has not established liability as a whole under the CPA, because there remain questions of fact as to the damages incurred by such a violation.

c. Good faith claim settlement

Plaintiff contends that OSI committed unfair and deceptive acts by not attempting in good faith to effectuate prompt, fair, and equitable settlement of HYC's claim. ECF No. 14 at 11. Plaintiff cites WAC 284-30-330 (6), (12), (13), and (16) as "unfair or deceptive acts or practices" it alleges OSI violated by not settling. These sections provide as follows:

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear….

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 16

…
(12) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.
(13) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.
…
(16) Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established…..

WAC 284-30-330.

Plaintiff argues that several incidents establish OSI's liability. First, Plaintiff contends that it completed extensive improvements to the building, including replacement of all the exterior glass and submitted an estimate for the replacement cost of the exterior glass, which OSI has not paid. ECF No. 14 at 11.   Plaintiff next contends that the OSI policy contains additional coverage for outdoor signs, that it submitted a claim for damage to those signs, and that OSI has made no payment for those signs. ECF No. 14 at 12.  Plaintiff contends that it requested reimbursement for additional expenses incurred as a result of the fire, and presented OSI with documentation of expenses incurred by its relocation to a new facility, but that OSI has made no attempt to settle those claims. ECF No. 14 at 12.

With respect to violations of WAC 284-30-330 (6), (12), and (16), questions of material fact as to the reasonableness of OSI's failure to settle preclude summary judgment because these WACs include good faith or reasonableness

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 17

standards. See WAC 284-30-330(6) ("good faith"); WAC 284-30-330(12) ("reasonably clear"); WAC 284-30-330(16) ("reasonable standards"). First, Defendant contends that the policy in question is limited to $80,000, while Plaintiff maintains that the extension supplied additional coverage. While Bjorklund's deposition testimony indicates that there was additional coverage under the extension, Exhibit D, ECF No. 16-1, the parties at minimum dispute the extent of that coverage. Despite Bjorklund's representation that HYC had additional coverage under the extension, however, later in his deposition Bjorklund noted that the policy limit of $120,000 appeared to go into effect on March 15, 2013, four months after the loss. Bjorklund Depo., ECF No. 19-5 at 24 ("the $80,000 would have been in effect at the date of the loss"). Generally, how a contract is construed is a matter of law for the Court to decide. However, here, the Court was provided only with the Business owners Property Extension Endorsement, not the full policy. Thus, the Court cannot determine if there are limitations on the extension that go to OSI's reasonableness in denying settlement beyond $80,000.

Second, there is a genuine issue of material fact precluding summary judgment with respect to OSI's nonpayment for the tools. Bjorklund admitted in his deposition that under the coverage extension endorsement, the $25,000 for employee tools was beyond the $80,000 business personal property limit. Bjorklund Depo. at 45:3-45:15, ECF No. 19-5 at 13. Defendants further contend

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 18

that fire investigators and other witnesses identified additional businesses at the location of the fire, but claim that Plaintiff failed to name those other businesses in response to an interrogatory. ECF No. 18 at 8. Defendants claim that there is a question of fact as to the extent of the overlap of the losses of the varied entities and a question as to whether Plaintiff is claiming damages to other entities' property. ECF No. 18 at 8.

The Court, however, finds that Plaintiff is entitled to summary judgment on the issue of violation of WAC 284-30-330(13), "failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim…" The undisputed facts indicate that Defendant has provided little or inaccurate explanation for the basis of denial of Plaintiff's claims. The only explanations for denials cited are those that indicate that the maximum payment amount had been reached, and that Mr. Bjorklund repeatedly misrepresented the nature of the coverage. See above. And OSI advised Smith that the payments represented payments for all aspects of the claim. Thus, there is no indication that OSI provided a reasonable or accurate explanation for its denials.

Accordingly, Plaintiffs have established a per se unfair act in satisfaction of the first prong of the CPA liability test with respect to WAC 284-30-330 (13). A question of material fact remains with respect to the other WACs Plaintiff cites.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 19

**B. Bad Faith Claim**

Plaintiff contends that OSI's misrepresentation of the policy provisions constitutes bad faith. ECF No. 14 at 13. Plaintiff argues that because OSI repeatedly misrepresented HYC's entitlements under the policy, no reasonable fact finder could determine, on the undisputed facts, that OSI acted in good faith. *Id.* at 14.

In Washington, insurers have a duty to act in good faith and to deal fairly with their insureds, and violation of that duty may give rise to a tort action for bad faith. *Smith v. Safeco Ins. Co.,* 150 Wash.2d 478, 484, 78 P.3d 1274 (2003) (citing *Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash.2d 751, 765, 58 P.3d 276 (2002)). According to RCW 48.01.030, "[t]he business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance." Bad faith handling of an insurance claim is a tort analyzed applying the same principles as other torts: duty, breach of that duty, proximate cause, and damages. *Smith,* 150 Wash.2d at 485. Insurers have a duty to act in good faith separate from their contractual coverage obligations to their insureds. *See Safeco Ins. Co. v. Butler,* 118 Wash.2d 383, 393 (1992) (recognizing that insurer has an "enhanced obligation of fairness toward its

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 20

insured" that "imposes a duty beyond that of the standard contractual duty of good faith"); *Tank v. State Farm Fire & Casualty Co.,* 105 Wash.2d 381, 385-86 (1986) (holding that the fiduciary relationship underlying the insurer's duty of good faith imposes a responsibility to give equal consideration to an insured's interests). In order to prove that the insurer acted in bad faith, the insured must show the breach was "unreasonable, frivolous, or unfounded." *Smith,* 150 Wash.2d at 484, 78 P.3d 1274.

In *Smith,* the Washington Supreme Court explained the relative burdens of policyholders and insurers for claims alleging bad faith denial of insurance coverage:

> If the insured claims that the insurer denied coverage unreasonably in bad faith, then *the insured must come forward with evidence that the insurer acted unreasonably.* The policyholder has the burden of proof. The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based on reasonable grounds ... If, however, reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. If the insurer can point to a reasonable basis for its action, this reasonable basis is significant evidence that it did not act in bad faith and may even establish that reasonable minds could not differ that its denial of coverage was justified.

*Smith,* 150 Wash.2d at 486, 78 P.3d 1274 (emphasis added). The test is not whether the insurer's interpretation of the policy is correct but whether the insurer's conduct was reasonable. *Wright v. Safeco Ins. Co.,* 124 Wash.App. 263, 279-80, 109 P.3d 1 (2004) (citing *Torina Fine Homes,* 118 Wash.App. at 21, 74 P.3d 648).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 21

1    This Court must determine whether genuine issues of material fact remain as

2    to the reasonableness of the insurers' policy interpretations and investigations. Bad

3    faith claims generally raise fact issues preventing a determination on summary

4    judgment. *See Smith v. Safeco Ins. Co.,* 150 Wash.2d 478, 484, 78 P.3d 1274

5    (2003).  But if reasonable minds could not differ on whether the defendant acted in

6    bad faith or violated the CPA, summary judgment is appropriate. *See id.; see also*

7    *Bryant v. Country Life Ins. Co.,* 414 F.Supp.2d 981, 1000 (W.D.Wash.2006).

8    Here, viewing the evidence in the light most favorable to the nonmoving

9    party, there is a material question of fact as to the reasonableness of OSI's denial

10   of HYC's claims. There is a reasonable dispute as to the overall limits of the

11   policy, as well as a dispute as to whether HYC submitted adequate documentation

12   of its losses. Thus, reasonable minds could differ as to whether HYC acted in bad

13   faith, and summary judgment is inappropriate.

14   **C. Insurance Fair Conduct Act Claim**

15   Plaintiff also contends that that OSI's denial of benefits owed is a violation

16   of the Washington Insurance Fair Conduct Act ("IFCA") because OSI denied

17   benefits that were clearly covered under the policy. ECF No. 14 at 14.

18   IFCA, RCW 48.30.015, creates a private right of action in favor of an

19   insured whose insurance company unreasonably denies its claim. The statute

20   provides, in relevant part, that

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 22

> Any first party claimant to a policy of insurance who is unreasonably denied a claim for benefits by an insurer may bring an action ... to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs[.]

RCW 48.30.015. The statute also specifies that a first-party claimant may sue his or her insurance company for violating any of the claims-handling regulations promulgated by the Washington State Office of the Insurance Commissioner at WAC 284–30–330 *et seq.* RCW 48.30.015(5).

Plaintiff contends that OSI committed unfair and deceptive acts by not attempting in good faith to effect prompt, fair, and equitable settlement of HYC's claims, citing the above-noted alleged misrepresentations, as well as HYC's alleged failure to pay for replacement of the exterior glass, outdoor signs, and additional expenses. Again, however, there is a question of material fact as to the reasonableness of OSI's denial of HYC's claims. The parties dispute the coverage limits under the policy as well as Plaintiff's documentation of individual claims. Under IFCA, the determination is again one of reasonableness, and here reasonableness is in question.

///

///

///

///

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 23

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Partial Summary Judgment (ECF No.14) is

**GRANTED in part and DENIED in part:**

1. Plaintiff's motion for partial summary judgment on the issue of per se unfair practices is **GRANTED** with respect to violations of WAC 284-30-330 (1), (9), and (13).

2. Plaintiff's motion for partial summary judgment on the issue of bad faith is **DENIED**.

3. Plaintiff's motion for partial summary judgment on the issue of an IFCA violation is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** April 28, 2013.



                        THOMAS O. RICE
                     United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT ~ 24